**NEW AMSTERDAM CASUALTY CO v A WIRTZ TRANSFER CO et**
**NEW AMSTERDAM CASUALTY CO v PURE OIL CO et**
**NEW AMSTERDAM CASUALTY CO v SMITH et**
**NEW AMSTERDAM CASUALTY CO v QUEEN CITY SUPPLY CO et**
**NEW AMSTERDAM CASUALTY CO v HAMILTON GRAVEL CO et**

(5 Cases)

Ohio Appeals, 1st Dist, Butler Co

Nos 668, 669, 670, 671 & 672.

Decided Nov 7, 1935

Marshal & Harlan, Dayton, for plaintiff in error.

Harry J. Koehler, Jr., Hamilton, for defendants in error, A. Wirtz Transfer Company and The Pure Oil Company.

Williams, Sohngen, Fitton & Pierce, Hamilton, for defendants in error, Samuel A. Smith, and The Hamilton Gravel Company.

Hover & Schuessler, Cincinnati, and Williams, Sohngen, Fitton & Pierce, Hamilton, for defendant in error, Queen City Supply Company.

**OPINION**

By MATTHEWS, J.

In view of our conclusion as to this latter contention, we deem it unnecessary to determine whether §2365-1, GC, applies to work done under contract with the Miami Conservancy District.

It is clear under the authorities that the contractor, Ward-Hayes Construction Company, bound itself to the Miami Conservancy District not merely to furnish the necessary labor and material, but also to pay for them. In Royal Indemnity Co. v Northern Ohio Granite & Stone Co., 100 Oh St, 373, the provision of the contract was that the contractor would "at his own risk, cost and expense do all work and furnish all material," and the court held that this created an obligation directly to the laborers and materialmen on the part of a surety upon a bond of which the contract containing that language was made a part. The court at page 378 and 379 said:

"In this situation, therefore, taking both the bond and the contract into consideration, and giving to the terms of the bond a reasonable construction, can it be said that the parties thereto contemplated the purpose of payment for the labor and material that entered into this structure? If Weiland by his contract had merely engaged to "furnish" or to "provide" materials and labor in conformity to his contract, it could reasonably be claimed that payment to the materialmen was not compre-

hended within such terms. But this contract provides more than that. It provides that he shall furnish those materials at his own expense. There is some ambiguity in the employment of this clause. There was no necessity for the employment of these words for the protection of the city, because it was already protected by another term of the bond, which provided that the city should be saved harmless from all claims and demands against it."

This distinction between a contract to furnish and a contract not only to furnish but also to pay for what is furnished is clear and well established. Some cases are cited in Royal Indemnity Co. v Northern Ohio Granite Co., supra. The distinction is drawn and cases illustrating it analyzed in Southern Surety Co. v United States Cast Iron Pipe & Foundry Co., 13 Fed. (2d.) 833 at 835 and 836.

The language of the present contract is more emphatic than that in most of those that the courts have held create a direct obligation to the laborers and materialmen. The contractor agrees "at his own sole cost and expense to perform all the labor and services and to furnish all the necessary material," thereby completely excluding the thought that the cost should be borne by any other person. The provision giving the Miami Conservancy District the right to require the contractor to furnish satisfactory proof of payment of laborers and materialmen and the provision in the bond binding the obligee to retain funds until expiration of time within which liens might be filed make it unusually clear that the contract contains a promise by the contractor to the Conservancy District to pay for labor and materials, and that the surety recognized that there was such an obligation which, by signing the bond it bound itself to see would be performed. That there may have been no law in Ohio authorizing the filing of liens is, in our view, immaterial. Nevertheless, it indicates the intention of the parties.

We then have a case in which the bond contains an express promise to pay the laborers and materialmen. The surety has agreed to pay laborers and materialmen and that it will indemnify against loss by reason of the failure to faithfully perform. Now what effect has the printed provision that no cause of action shall accrue to or for the use or benefit of anyone other than the named obligee? In considering the answer to this question, it must be borne in mind that if we are correct in our construction of this bond it contains not only

a promise to indemnify the obligee, but also an express promise to pay the laborers and materialmen. This bond was taken by the Miami Conservancy District in obedience to §6828-16, GC, which requires the successful bidder to give a good and approved bond, with ample security "conditioned on the carrying out of the contract." It is, therefore, an official bond. By §11242, GC, it is enacted that:

"When a person forfeits his bond, or renders his sureties liable thereon, a person injured thereby, or who is entitled to the benefit of the security, may bring an action thereon, in his own name, against the person and his sureties, to recover the amount to which he is entitled by reason of the delinquency, which action may be prosecuted on a certified copy of the bond; and a judgment for one delinquency shall not preclude the same or another person from bringing an action on the instrument for another delinquency."

Now it is clear that the named obligee could have instituted this action for breach of the promise to pay for the labor and material. By §11242, GC, supra, "any person injured by, or who is entitled to the benefit of the security" of the official bond, may by the express terms of the statute, bring an action thereon in his own name. This is the provision of the code of civil procedure. Can the parties nullify such a provision by contractual stipulation? Could the operation of §11241, GC, requiring actions, generally, to be prosecuted in the name of the real party in interest be controlled by agreement? It has been consistently held that it could not. While the one section is permissive and the other mandatory, it is not perceived that the difference affects the application of the rule of the statute. They are both declarations of public policy. In 6 R.C.L., p. 707, it is said:

"The common law will not permit individuals to obligate themselves by a contract either to do anything which, or not to do anything the omission of which is in any degree clearly injurious to the public."

And, at page 709:
"There can be no doubt that primarily it is the prerogative of the legislature to declare what contracts and acts are contrary to public policy, and to forbid them; hence public policy is what a statute enacts. Therefore it is the duty of the judiciary to refuse to sustain that which is

against the public policy of the state, when such public policy is manifested by the legislation or fundamental law of the state."

The case of Hipwell v National Surety Co. of New York City et, 105 NW (Iowa) 318, it seems to us, bears a strong resemblance to this case. The first paragraph of the syllabus is:

• "Code, §3467, provides that, when a bond given to any municipal corporation is intended for the security of particular individuals, action may be maintained in the name of any person intended to be secured. By a contract with a committee appointed by a city for the construction of a public building, the contractor agreed to pay promptly for all labor and material used in the building, but in a subsequent provision it was stated that no member of the committee or other person shall be admitted to a share of the contract or to any benefit to arise therefrom. The bond was conditional on compliance with all the terms and conditions of the contract. HELD, that a failure of the contractor to pay subcontractors furnishing labor and material was a breach of the bond, authorizing them to maintain an action thereon."

And, at page 319, the court said:
'In effect, then, the agreement was with, and obligation executed to, the municipality of Ft. Dodge. §3467 of the Code provides that: "When a bond or other instrument given to the state or county or other municipal or school corporation, or to any officer or person is intended for the security of the public generally, or of particular individuals action may be brought thereon in the name of any person intended to be thus secured, who has sustained an injury in consequence of a breach thereof, except when otherwise provided.' If, then, this bond was intended as security for these particular individuals action may be maintained thereon in the name of any of those intended."

And, at 320:
and this result should be avoided for a proviso in a contract totally repugnant to the contract itself is void. Benjamin v McConnell, 46 Am. Dec. 474; Rice v Webster, 18 Ill. 331. In the last case it was said: 'The condition, therefore, is repugnant to the previous covenant, and must destroy or be destroyed by it. When this is the case, the rule of law is well settled that the condition must give way that the covenant may stand.' A rule of construc-

tion requires us to so construe each provision as to give it effect, if possible; and, in view of the result of that contended for we are inclined to reject it as not intended and to hold that some other purpose, not disclosed, was sought to be attained by inserting the paragraph last quoted."

There is no provision in the contract under consideration excluding the laborers and materialmen from its benefits. In truth, many of the provisions already adverted to indicate that the parties had them in mind and intended to bestow the benefits of the contract upon them. The cases cited in the annotation to the case of Fidelity & Deposit Co. v Rainer, 220 Ala. 262, 125 So. 55, 77 A.L.R. 13, at 21, et seq., and particularly those referred to on page 77, we do not consider applicable for the reason that in this case the provisions of the bond show that it was intended for the benefit of the laborers and materialmen. If for their benefit, then the provision limiting suit to the named obligee is inconsistent with the principal provision as well as in contravention of §11242, GC, and therefore void.

We find no error in the records, prejudicial to the plaintiff in error. The judgments are, therefore, affirmed.

ROSS, PJ, and HAMILTON, J, concur.